UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AMIR ASHUROV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00550-JRS-MJD |
| | ) | |
| WARDEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Noncitizen Amir Ashurov petitions for a writ of habeas corpus. He challenges the lawfulness of his continued detention at the Clay County Justice Center, where he is detained on behalf of U.S Immigration and Customs Enforcement (ICE). The Court grants Mr. Ashurov's petition and orders the respondents to either afford him a bond hearing or release him from custody.

**I. Facts**

Mr. Ashurov is a Russian citizen born in Tajikistan. He entered the United States at Brownsville, TX, in 2023 and was inspected and paroled. The government initiated removal proceedings.

On July 28, 2026, Mr. Ashurov was detained after stopping at a commercial vehicle weigh station and was turned over to ICE custody. He is currently detained at the Clay County Justice Center. Respondents are holding him in custody pursuant to 8 U.S.C. § 1225(b)(2)(A), which mandates detention without a bond hearing.

**II. Analysis**

A day before Mr. Ashurov filed his petition, the Seventh Circuit recently determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking

admission" to the United States: "Aliens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026). "Admission means 'lawful entry . . . into the United States after inspection and authorization.'" *Id.* at 918 (quoting *Sanchez v. Mayorkas*, 593 U.S. 409, 411 (2021)). "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026), *quoted in Cirrus Rojas*, 183 F.4th at 920.

Mr. Ashurov was arrested in Indianapolis years after his entry. He was not then, and he is not now, seeking to enter the United States at the border. He is not "seeking admission" as *Cirrus Rojas* applies the phrase. Therefore, under the now-settled law of this Circuit, Mr. Ashurov's detention must be governed by § 1226(a) rather than § 1225(b)(2)(A), and he is therefore eligible for consideration of bond.

Respondents argue that *Cirrus Rojas* does not apply here because that case "involved a petitioner who entered the United States without inspection or admission in 2018 and who did not present himself at a port of entry." Dkt. 9 at 2 n.1. To the extent that these facts distinguish *Cirrus Rojas* from this case, Respondents have not persuaded the Court that the distinction is legally significant. The bottom line of *Cirrus Rojas* is that § 1225(b)(2)(A) applies only to applicants for admission who are *actually seeking admission*. Respondents do not explain how Mr. Ashurov is actively seeking admission any more than Cirrus Rojas was when he was arrested in the interior of the United States.

## III. Scope of Relief

Mr. Ashurov requests immediate release from custody, which is the customary remedy in habeas proceedings, or a bond hearing. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). Mr. Ashurov also seeks an injunction barring his re-detention within seven days and other conditions on any subsequent re-detention. Mr. Ashurov is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Ashurov's custody is not unlawful for the reason that the government lacks authority to detain him; it is unlawful only to the extent he has been deprived of the bond hearing that the law requires. Accordingly, a bond hearing is the appropriate remedy in this case.

The Court declines to enjoin Respondents from re-detaining Mr. Ashurov within a seven-day period following any release from custody or impose any conditions on any subsequent re-detention. In the event that Mr. Ashurov believes he is subject to a new, unlawful detention, he may file another habeas corpus action.

## IV. Additional Claims

Because the Court has found that Mr. Ashurov's detention violates the INA, it need not reach his constitutional claims. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

## V. Conclusion

The Court grants the petition to the extent that **no later seven days from the date of this order**,[1] Respondents must either: (1) provide Mr. Ashurov with an individualized bond hearing

[1] The parties may modify this deadline by agreement without need for Court involvement.

before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ashurov from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Ashurov with a bond hearing or released him from detention without a bond hearing **within two days** after the hearing or his release, whichever is applicable.

If Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Ashurov's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release and an injunction against re-detention. Petitioner's motion to expedite ruling is **granted** to the extent this order disposes of his petition [Dkt. 16].

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 11/13/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record